IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAWSON ALGEE,** | |
| **Plaintiff,** | |
| v. | Case No. 3:24-CV-00156-NJR |
| **BA CREDIT CARD FUNDING, LLC,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Leave to Proceed *in Forma Pauperis* filed by Plaintiff Dawson Algee (Doc. 2). Unfortunately, the Court cannot assess the merits of Algee's Complaint (Doc. 1) with the information he has provided. Therefore, for the reasons outlined below, the Court orders Algee to file an Amended Complaint.

The Court has reviewed Algee's motion and finds that he is indigent. Algee indicates that his income is approximately $1,700 annually. (Doc. 2). The majority of this income appears to be from gifts or other sources, although he anticipates income of about $200 from his work for DoorDash over the next two or three months. (*Id.*). While he has not reported any regular monthly expenses, Algee attests that he has only $25 in his possession currently and owes approximately $200 in financial obligations. (*Id.*). His only additional asset is a 2008 Honda Accord that is currently undriveable and is only worth about $4,000. (*Id.*). Based on these facts, the Court finds Algee's poverty level justifies granting him IFP status.

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

After reviewing the complaint, the Court cannot identify a plausible claim for relief. Algee appears to be alleging that he was entitled to a line of credit with BA Credit Card Funding, but he does not provide any support for this conclusion beyond letters he

wrote to BA Credit Card Funding after the line of credit was allegedly established. He also seems to be alleging that the line of credit was established via his application, but he does not provide the application or the legal source from which he concludes that the application was sufficient to entitle him to a line of credit. Further, the statutes to which Algee cites are inapplicable to any claim Algee himself could raise. All of the statutes upon which Algee relies appear to be statues that are applicable only to banks as far as this Court can conclude. The statutes exist to govern national banks yes, but they are also designed to protect the banks themselves, not consumers. As a result, the Court is unable to conclude precisely what claim Algee is attempting to bring with this action.

Because Algee has not clearly identified his claim for relief, the basis for this claim, or the law under which he makes his claim, the Court **ORDERS** Algee to file an amended complaint within **30 days (on or before March 5, 2024)**. The amended complaint should clearly articulate the claim for relief, the grounds on which it is alleged, and the law which applies.

**IT IS SO ORDERED.**

DATED: February 5, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**