IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWSON ALGEE,<br><br>Plaintiff,<br><br>v.<br><br>BA CREDIT CARD FUNDING, LLC,<br><br>Defendant. | Case No. 3:24-CV-00156-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Dawson Algee (Doc. 2). The Court previously considered this motion under 28 U.S.C. § 1915(a)(1) and ordered Algee to file an amended complaint because his first complaint failed to "identify a plausible claim for relief." (Doc. 7). Having reviewed Algee's amended complaint, his motion to proceed *in forma pauperis* is now ripe for ruling. For the following reasons, the motion is denied.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40

(1948). The Court previously found that Algee is indigent (Doc. 7), and there is no reason to disturb that finding now. Algee thus satisfies this step of the Section 1915(a)(1) inquiry.

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the amended complaint.

In reviewing the amended complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

After reviewing the amended complaint, it is apparent that Algee does not have a

viable claim for relief against Defendant BA Credit Card Funding, LLC ("BA"). Algee alleges that he applied for a credit card with BA and was denied. (Doc. 9 at 1). He claims that his application was a "negotiable instrument," which triggered "an unconditional order to pay." *Id*. He further claims that he contacted BA several times "to rebut the denial and provide instructions on how to properly handle the securities." *Id.* These efforts were ostensibly met with "a pattern of negligence" that caused him "significant mental harm from not being able to use his credits in pursuit of life Liberty, and happiness under constitutional law." *Id.* The amended complaint does not include a prayer for relief.

Algee cites three federal statutes and two provisions of the Uniform Commercial Code ("U.C.C.") as laws that he claims BA violated: 12 U.S.C. §§ 412, 1431, and 83, "UCC Title 3," and "UCC 3-603." (Doc. 9 at 2). But his invocation of these provisions is a legal nonstarter. 12 U.S.C. § 412 of the Federal Reserve Act allows "Federal Reserve bank[s]" to obtain "Federal Reserve notes" for their operations upon making an application to the Federal Reserve. The law "is entirely unrelated to consumer finance and does not provide any rights to a private citizen" like Algee. *Brown v. Home State Bank*, No. 23-cv-1620-bhl, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023); *see also Newson v. Mercedes-Benz Fin. Srvs.*, No. 2:24-cv-0279 DJC SCR PS, 2024 WL 5089275, at *2 (E.D. Cal. Dec. 12, 2024) (holding that Federal Reserve Act does not contain private right of action and collecting cases in support). The same is true of 12 U.S.C. § 1431, which governs the "powers and duties" of "Federal Home Loan Banks" "to borrow and give security therefor and to pay interest thereon." It does not provide a private right of action that Algee can pursue against BA. *Vaughn v. Ally Fin., Inc.*, No. 1:24-cv-6, 2024 WL 4349088, at *3 (M.D.N.C. Sept. 30, 2024).

Nor does 12 U.S.C. § 83 help Algee here. That section provides that "[n]o national bank shall make any loan or discount on the security of the shares of its own capital stock." 12 U.S.C. § 83(a). The District of Maryland recently observed that neither Section 1431 nor Section 83 "restrict Defendant's ability to deny Plaintiff a requested loan based on his credit history with Defendant." *Nelson v. Capital One Bank, N.A.*, No. 23-2452-BAH, 2024 WL 3877605, at *3 (D. Md. Aug. 20, 2024). That is exactly what happened here, and a simple review of the relevant statutes confirms their irrelevance to this action.

"UCC Title 3" and "UCC 3-603" are inapplicable here as well. Article 3 of the U.C.C. addresses negotiable instruments. Algee contends that his "application contained all elements which establishes it as a negotiable instrument by law." The Court respectfully disagrees. "A negotiable instrument is an unconditional promise or order to pay, either to order or to bearer, a sum certain on demand or at a definite time, signed by the maker or drawer." *In re W-S Associates*, No. 94 B 21227, 1996 WL 691347, at *7 (Bankr. N.D. Ill. Nov. 26, 1996) (citing 810 ILCS 5/3-104). Nothing in Algee's amended complaint suggests that BA made an "unconditional promise or order to pay." Algee attached a letter from BA explaining the basis for its refusal to extend credit to him as an exhibit to his amended complaint. The header of this letter states: "We're sorry – we can't approve your request for our Bank of America Travel Rewards Visa Signature card right now." (Doc. 9 at 3). This is the opposite of an "unconditional promise or order to pay." It is a *refusal* to pay, which also undermines any contention that a negotiable instrument was formed. Finally, Section 3-603 of the Uniform Commercial Code (codified as 810 ILCS 5/3-603 in Illinois) is inapposite because it "addresses discharge from liability on a

negotiable instrument." *Hepperly v. Bosch*, 527 N.E.2d 533, 538 (Ill. App. Ct. 1988). As noted, Algee's allegations do not support the formation of a negotiable instrument between him and BA. Section 3-603 is thus of no help to him.

At its core, this case is about Algee's dissatisfaction with BA's decision to deny his credit card application. Having granted Algee an opportunity to amend his complaint, the Court is satisfied that no set of facts would permit a viable action against BA based on this occurrence. Thus, the Court considers it appropriate to deny Algee a second opportunity to amend. *See Newson*, 2024 WL 5089275, at *4 (recommending dismissal of similar claims with prejudice because "the Complaint suffers from severe fatal deficiencies that cannot be cured"); *Ritchie v. Chan*, No. 23-cv-1715-JO-BGS, 2024 WL 270108, at *3 (S.D. Cal. Jan 23, 2024) (same).

For these reasons, the Amended Complaint filed by Plaintiff Dawson Algee (Doc. 9) is **DISMISSED with prejudice**. Algee's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: December 18, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**